# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| SETH SMITH, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:19-CV-467-HSM-DCP |
| BILLY THOMAS, SHERIFF COFFEE and GLEN BALLENGER, | ) ) ) ) | | |
| Defendants. | ) ) | | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the custody of the Jefferson County Detention Facility, filed a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 arising out of an incident during his confinement [Doc. 2]. On November 20, 2019, the Court entered an order providing that Plaintiff had thirty days from the date of entry of the order to pay the filing fee or submit the necessary documents to proceed *in forma pauperis* [Doc. 5]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [*Id.* at 1–2]. More than thirty-three days have passed and Plaintiff has not complied with this order. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am.*

*Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering such a dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was seeking to proceed *in forma pauperis* [Doc. 2] in this matter and has not responded to the Court's order.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, Plaintiff will be **ASSESSED** the filing fee of $400.00 and this action will be **DISMISSED**.

The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, twenty percent (20%) of

Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $400.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the Sheriff of Jefferson County. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Clerk will also be **DIRECTED** to furnish copies of this memorandum opinion and the accompanying order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                              */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE